OPINION
This appeal is taken by Defendant/Appellant Todd L. Tackett from the judgment entered by the Municipal Court of Shelby County finding him guilty of attempted obstruction of justice, sentencing him to ninety (90) days in jail and ordering a fine of $250.
On July 28, 1999, Todd L. Tackett was charged with Resisting Arrest, Obstructing Official Business and Disorderly Conduct. The charges apparently arose from an altercation Tackett had with officers outside of his home after one of his friends was arrested for driving while under the influence of alcohol.[1] After a pre-trial meeting the State amended the charges to a single count of Attempted Obstructing Official Business, a misdemeanor of the third degree. On September 20, 1999, Tackett entered a plea of guilty to the amended charge.
The court ordered a pre-sentence investigation and continued the matter for sentencing. On November 10, 1999, the court sentenced Tackett to ninety (90) days in jail and ordered a $250 fine. On appeal from that conviction Tackett makes the following four assignments of error:
 The trial court erred to the prejudice of the appellant in accepting a plea from the appellant when the appellant was not fully informed as to all the consequences of said plea pursuant to criminal rule 11, and in failing to inquire and determine whether appellant's plea was entered voluntarily, intelligently and knowingly.
 The trial court erred in imposing a ninety (90) day sentence of incarceration on a misdemeanor of the third degree, which carries a maximum sentence of sixty (60) days.
 The trial court's maximum sentence of incarceration was an abuse of discretion because it was rendered without consideration of statutory factors.
 The trial court erred in prohibiting appellant from reviewing his pre-sentence investigation and probation report.
In his first assignment of error Tackett argues that the trial court erred when accepting his plea because he was not fully informed in accordance with Criminal Rule 11. According to Criminal Rule 11 in misdemeanor cases involving petty offenses "the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest and not guilty." A misdemeanor involving a petty offense is any misdemeanor whose punishment does not include confinement for more than six months.
The record before this court reveals that Tackett pleaded guilty to Attempted Obstructing Official Business, a misdemeanor in the third degree. A term of imprisonment for a misdemeanor of the third degree may be imposed but for not more than sixty days. Therefore, Tackett pleaded guilty to a misdemeanor involving a petty offense.
Because it was a petty offense the trial court was required by Criminal Rule 11 to inform Tackett as noted above. The transcript of the plea hearings reveals that no such colloquy occurred. The following discussion occurred on the record at the plea hearing:
 The court: Mr. Tackett, good morning. And you have had some conversations with the prosecutor in this particular case?
Mr. Slyman: That's correct, your Honor.
 The court: And your client has decided to enter a plea to some of these charges or
Mr. Slyman: One. Attempted Obstructing
 The court: It's the prosecutor's recommendation that that be amended to attempted an attempt to obstruct and to dismiss the resisting and the disorderly?
Unidentified Voice: Yes.
The court: Were the officers involved in these negotiations?
 Unidentified Voice: No. Well, the officers weren't present. Whether or not they were involved —
The court: I would like to review their involvement. * * *
* * *
 The court: * * * the court has reviewed this matter with both yourself and the prosecutor and is prepared to accept the prosecutor's recommendations. And as to the amended charge of attempted obstructing, what is the plea of your client?
Mr. Slyman: Guilty.
The court: And that is your intention, Mr. Tackett?
Mr. Tackett: Yes, sir.
 The court: The court then will amend that charge to one of attempted attempt to obstruct official business; enter your guilty plea and make a finding of guilty. The other charges will be dismissed.
As noted by the proceedings outlined above the trial court failed to inform Tackett of the effect of the different pleas as required by Criminal Rule 11. Since the trial court failed to comply with Criminal Rule 11 it should not have accepted Tackett's plea.
Error having been shown Tackett's first assignment of error is sustained. The remaining three assignments of error have become moot. The judgment of the Court of Common Pleas of Shelby County is reversed and remanded for further proceedings in accordance with this opinion.
HADLEY, P.J., and WALTERS, J., concur.
[1] The Prosecutor failed to file any brief in opposition to this appeal.